IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No. 3:09-cv-3019-MWB |
| GAYLE L. LEMMON; | ) | |
| GAYLE'S BOOKKEEPING | ) | |
| AND TAX SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER OF PERMANENT INJUNCTION

Pursuant to the parties' stipulation for entry of an order of permanent injunction, it is

ORDERED, ADJUDGED and DECREED that:

1.   The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

2.   The Court finds that Defendants Gayle Lemmon and Gayle's Bookkeeping and Tax Service, Inc., ("Defendants") consented and stipulated to entry of this final order of permanent injunction pursuant to 26 U.S.C. §§ 7402, 7407, and 7408.

3.   It is further ORDERED, ADJUDGED and DECREED that:

   (A)   The Defendants are permanently enjoined from individually and doing business as or through any other entity, and anyone acting in concert with

1

them from directly or indirectly –

  (i)     Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694,

          6695, 6700, and/or 6701, including but not limited to knowingly or

          recklessly:

      (a)     claiming deductions on Schedules C or other tax schedules

              or forms that are based on phony payments to corporations

              or other entities;

      (b)     claiming deductions for the business use of the home when

              she knows her customers do not use any portion of their

              home regularly and exclusively for business purposes; and

      (c)     claiming deductions for non-deductible personal expenses;

  (ii)    Engaging in other fraudulent and deceptive conduct that

          substantially interferes with the administration or enforcement of

          internal revenue laws;

(B)   The Defendants are required to ask customers for whom they prepare

returns:

  (i)     whether the customer uses any portion of his/her home regularly

          and exclusively for business purposes before claiming deductions

          for the business use of the customer's home;

  (ii)    whether the customer receives reimbursement from his/her

          employer for employee business expenses before claiming

          deductions for unreimbursed employee business expenses on the

4838566.1

customer's return;

(iii)    whether the customer has included any personal expenses, including expenses for toiletries, sunglasses, DVDs, and laundry detergent, in any of the expenses they have represented to Lemmon as business expenses, and

(iv)    whether the customer has used any vehicle for which Defendants claim a business expense deduction for personal purposes and whether the customer has written evidence substantiating the business use of the vehicle complying with 26 U.S.C. § 274(d) before claiming deductions for the business use of a vehicle; and

(C)    The Defendants are required to document their customers' responses to the questions listed in Section (B) of this order; and

(D)    If Gayle Lemmon acts as a paid tax-return preparer during the next three years, she is required to at least once a year during those years enroll in and successfully complete a training course on how to prepare tax returns that is pre-approved by the Department of Justice, and is required to provide a receipt for payment for the course and a sworn statement to the Department of Justice that she has complied with this requirement;

(E)    The Defendants are enjoined from appearing on behalf of or representing others before the Internal Revenue Service;

(F)    The Defendants are required to keep for at least four years copies of all materials their customers provide to them and the Defendants' notes that

4838566.1

can be used to verify the information reported on returns they prepare and

that they complied with Section B of this stipulation; and

(G)    The United States is authorized to conduct post-judgment discovery to

monitor the Defendants' compliance with the terms of the permanent

injunction.

Dated: __11/09/09__

_Mark W. Bennett_
UNITED STATES DISTRICT COURT

4838566.1